UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: REAL ESTATE TRANSFER TAX LITIGATION												MDL No. 2394

ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of Michigan *Genesee County* action moves to centralize this litigation in the Eastern District of Michigan. This litigation currently consists of ten actions, as listed in Schedule A, pending in seven districts. The Panel has been notified of twenty-eight additional, potentially related actions.

In addition to the movant, plaintiffs in six actions on the motion and eleven potential tag-along actions support centralization in the Eastern District of Michigan. Plaintiffs in two potential tag-along actions alternatively support centralization in the District of the District of Columbia, and another potential tag-along plaintiff alternatively supports centralization in the District of Minnesota.

The Federal National Mortgage Association (Fannie Mae), the Federal Home Loan Mortgage Corporation (Freddie Mac), and the Federal Housing Finance Agency (collectively, the Enterprise Parties) oppose centralization. Alternatively, they propose centralization in the Eastern District of Virginia. A number of other defendants named in one or both of the Western District of Michigan actions also oppose centralization and, alternatively, request that the claims against them be separated and remanded back to the transferor court if the Panel centralizes this litigation. The Director of the Illinois Department of Revenue, a defendant in the Northern District of Illinois *Fannie Mae* action, also opposes centralization and, alternatively, requests that any transfer of that action to multidistrict litigation be stayed pending a ruling in the transferor court on the existence of subject-matter jurisdiction.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. This litigation revolves around a fairly straightforward dispute between numerous county and state officials, on one hand, and the Enterprise Parties, on the other, as to whether the Enterprise Parties are required to pay state and county taxes on the transfer of real estate. As reflected by the conflicting summary judgment decisions already issued in the Eastern and Western Districts of Michigan, this is primarily a *legal* question – *i.e.*, are the Enterprise Parties statutorily exempt from liability for real estate transfer taxes. Although movant seeks efficiencies through centralized treatment of this legal question, "[m]erely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re*

-2-

*Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009).[1]

      In contrast to the overarching legal question of the Enterprise Parties' liability for transfer taxes, the factual questions presented in these actions are largely undisputed and are neither numerous nor complex.  Additionally, these actions have varied procedural postures.  Summary judgment has been granted (and interlocutory appeal granted) in several of the Michigan actions, whereas most other actions are in their infancy.  There are insufficient potential efficiencies to be obtained with regard to discovery and motions practice to outweigh the inconvenience to the parties and the courts of centralizing litigation with so few, disputed factual questions and such disparate postures.  *See In re Prop. Assessed Clean Energy (PACE) Programs Litig.*, 764 F. Supp. 2d 1345, 1346-47 (J.P.M.L. 2011) (denying centralization where common factual issues were "largely undisputed and primarily common legal questions [were] left to be decided" and convenience considerations were minimal); *In re Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L. 1977) ("[T]he predominant, and perhaps only, common aspect in these actions is a legal question of statutory interpretation").  Available alternatives to centralization may minimize whatever possibilities exist of duplicative discovery or inconsistent pretrial rulings.  *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

      IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

---

[1] Indeed, centralization may not even achieve this efficiency, as there is now at least one decision outside the Sixth Circuit that conflicts with the summary judgment granted in favor of plaintiffs in the Eastern District of Michigan.  *See Hager et al. v. Fed. Nat'l Mortg. Ass'n, et al.*, C.A. No. 11-02090, __ F. Supp. 2d __, 2012 WL 3228658 (D.D.C. Aug. 9, 2012) (dismissing *qui tam* claims against the Enterprise Parties based on the statutory exemption from taxation).

IN RE: REAL ESTATE TRANSFER TAX LITIGATION							MDL No. 2394

## SCHEDULE A

<u>Middle District of Florida</u>

Karen Nicolai v. Federal Housing Finance Agency, et al., C.A. No. 8:12-01335

<u>Southern District of Georgia</u>

Daniel W. Massey, et al. v. Federal National Mortgage Association, C.A. No. 4:12-00102

<u>Northern District of Illinois</u>

DeKalb County, et al. v. Federal Housing Finance Agency, et al., C.A. No. 3:12-50227
Fannie Mae, et al. v. Hamer, et al., C.A. No. 3:12-50230

<u>Eastern District of Michigan</u>

Oakland County, et al. v. Federal National Mortgage Association, et al.,
    C.A. No. 2:11-12666
Genesee County, et al. v. Federal Housing Finance Agency, et al., C.A. No. 2:11-14971

<u>Western District of Michigan</u>

Curtis Hertel, Jr., et al. v. Bank of America, NA, et al., C.A. No. 1:11-00757
Curtis Hertel, et al. v. Mortgage Electronic Registration Systems, Inc., et al.,
    C.A. No. 1:12-00174

<u>District of Rhode Island</u>

City of Providence, et al. v. Federal National Mortgage Association, et al.,
    C.A. No. 1:12-00481

<u>Southern District of West Virginia</u>

County Commission of Hancock County, et al. v. Federal National Mortgage Association,
    et al., C.A. No. 2:12-02083